IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FOUAD BOUSETOUANE, Ph.D.,** | ) |
| *Plaintiff*, | ) Case No.: 1:25-cv-0230 |
| vs. | ) COMPLAINT FOR DECLARATORY |
| | ) RELIEF OF PATENT INVALIDITY, |
| **W.W. GRAINGER, INC.,** | ) CORRECTION OF INVENTORSHIP, |
| | ) UNJUST ENRICHMENT AND |
| *Defendant.* | ) RETALIATION |
| **JOHN SCHUMACHER and** | ) |
| **GEOFFRY A. WESTPHAL,** | ) |
| *Nominal Defendants.* | ) |

### FIRST AMENDED COMPLAINT

Plaintiff, Fouad Bousetouane, Ph.D., ("Plaintiff" or "Dr. Bousetouane"), through his undersigned counsel, hereby complains and alleges against Defendant, W.W. Grainger, Inc. ("Defendant" or "GWW") as follows:

### NATURE OF CASE

1. Plaintiff brings this action for declaratory judgment of invalidity of United States Patents Nos. a) US D954,080 S; b) US D957,414 S; c) US D957,415 S; c) US D954,077 S; e) US D954,078 S; f) US D954,079 S; and g) US20220012789A1 (hereinafter "Named Patents").

2. Plaintiff, Dr. Bousetouane also files this Complaint against Defendants, for their erroneous omission of Plaintiff as an inventor on the Named Patents.

3. A true and correct copy of the Named Patents in question and listing Defendants as the assignee, are attached to this Complaint as Exhibits A-G.

4. Plaintiff, a salaried employee of GWW was largely responsible for the conception, creation, architecture, and development of certain GWW's intellectual property and technologies,

1

including the claimed subject matter of Named Patents. Despite Plaintiff's intellectual property conception of the Named Patents he invented, Defendant refuses to list Plaintiff as an inventor.

## THE PARTIES

5. Plaintiff, Dr. Bousetouane is an individual who currently resides in Lake County, Illinois.

6. Plaintiff, Dr. Bousetouane has been an employee of Defendant, GWW for the past eight years, ending his employment on December 30, 2024, with the position of Director of Applied Machine Learning.

7. Defendant, W.W. Grainger, Inc. is an Illinois corporation, with its corporate headquarters located at: 100 Grainger Parkway, Lake Forest, IL 60045-5201.

8. As shown by the records of the U.S. Patent Office, GWW is the Assignee, and therefore the owner of the Named Patients, which are at issue herein.

9. Nominal Defendant, John Schumacher, is a resident of the State of New York, and former Vice President, Group Product Manager | Generative AI, Machine Learning of W.W. Grainger from May, 2021 through November, 2024.

10. Nominal Defendant, Geoffry A. Westphal is an Illinois resident, Sr. Manager Intellectual Property of W.W. Grainger, since October, 1987.

## JURISDICTION AND VENUE

11. This is a civil action pursuant to, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* concerning the invalidity of the Named Patents and 35 U.S.C. § 256 for correction of inventorship of the Named Patents issued United States Patents:

12. The Court has subject matter jurisdiction over this action under 28 U.S.C. Section 1331, 1338(a), and 1338(b) and 15 U.S.C. § 1121 (federal question jurisdiction), based on

an actual controversy between Plaintiff and Defendant for claims under the Patent Laws of the United States of America, 35 U.S.C. § 1 et seq.

13. Plaintiff is informed and believes that this Court has personal jurisdiction over Defendants because Defendants have a principal place of business in Lake County Illinois.

14. In addition, the claims alleged herein arise from Defendant's acts in the State of Illinois including the County of Lake, where damage has been caused to Plaintiff in the State of Illinois.

15. Defendant maintains offices in Lake County, and thus venue is proper in this judicial district under 28 U.S.C. Sections 1391(b)(1) through 1391(b)(3).

## BACKGROUND

### Plaintiff Conceives, Creates, and Develops Intellectual Property

16. Plaintiff was a Director of Applied Machine Learning working for Defendant. He is an artificial intelligence expert, innovator, and a principal architect in computer software development, and has significant experience in the field of software engineering, including the conception, design, development, implementation and maintenance of complex software systems.

17. Dr. Bousetouane was the principal data scientist and project leader in developing Proof of Concept and Core Technology by using AI to invent Visual Search for Grainger.

18. It was core patent US20210027356A1, named, "System an Method for Using Camera Image to Provide e-Commerce Related Functionalities," where Dr. Bousetouane was credited as the main inventor, that embodies the primary innovations Dr. Bousetouane developed.

19. It was core patent US20210027356A1 developed by Dr. Bousetouane that became the foundational to the entire suite of related Named Patents.

3

20.     It was Dr. Bousetouane contributions as the main innovator for this core patent that directly influenced the design elements and functionalities protected by the Named Patents, all of which stem from his initial Proof of Concept and IP.

21.     As the main innovator, he was excluded and blocked as the inventor on the following Named Patents:

   a) US D954,080 S – "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: June 7, 2022.

   b) US D957,414 S "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: July 12, 2022.

   c) US D957,415 S "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: July 12, 2022.

   d) US D954,077 S "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: June 7, 2022.

   e) US D954,078 S "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: June 7, 2022.

   f) US D954,079 S "Computer Display Screen or Portion Thereof with Graphical User Interface." Date of Patent: June 7, 2022.

   g) US20220012789A1 "System and Method for Providing Real – Time Visual Search." Date of Patent: January 13, 2022.

See Exhibits A-G

22.     Patent No. US20220012789A1, named "System and Method for Providing Real-Time Visual Search," was copied and pasted from US20220012790A1, named "System an Method for Using Camera Image to Provide e-Commerce Related Functionalities," for which Dr. Bousetouane was given credit as an inventor.

23.     Nominal Defendant, Geoffry A. Westphal, was listed on as the inventor on Patent No. US20220012789A1, replacing Dr. Bousetouane as the inventor.

24. Under information and belief, Nominal Defendant, Geoffry A. Westphal provides technical reasons why Dr. Bousetouane has been excluded as the inventor of the Named Patents.

25. Dr. Bousetouane was wrongfully omitted and his patent work was blocked as an inventor on these patents.

26. Dr. Bousetouane alleges that Nominal Defendant, John Schumacher, former, Vice President, Group Product Manager | Generative AI, Machine Learning of W.W. Grainger purposedly excluded him as an inventor of the patent ideas created by Dr. Bousetouane.

27. Nominal Defendant, John Schumacher can provide technical reasons why Dr. Bousetouane has been excluded as the inventor of the Named Patents.

28. GWW did not communicate its intentions regarding Dr. Bousetouane inventions, but filed patent applications that allegedly contained Dr. Bousetouane's inventions and failed to name Dr. Bousetouane as an inventor on the Named Patents.

29. GWW never told Dr. Bousetouane that it had filed applications for any of the Named Patents, or that it had omitted Dr. Bousetouane as a co-inventor on the applications.

30. GWW intentionally omitted Dr. Bousetouane's Proof of Concept and IP work to exclude him as an inventor on these Named Patents.

31. Defendants acted improperly in not confirming that Dr. Bousetouane was an inventor of the subject matter of the Patents.

32. On December 30, 2024, Defendant, GWW terminated the employment of Plaintiff.

33. Plaintiff has standing to petition this Court for correction of inventorship of these U.S. Patents, because Plaintiff has suffered actual or threatened financial and reputational harm due to his omission as the inventor of these Named Patents.

34. Plaintiff further has standing to petition this Court for correction of inventorship because Plaintiff's omission from these Named Patents has caused Plaintiff concrete reputational harm, recognized as a basis for standing to correct patent inventorship under *Shukh v. Seagate*, 803 F.3d 659 (Fed. Cir. 2015).

35. Plaintiff further has standing to petition this Court for reputational damages arising from Defendant'' negligence, as the Defendant's patent committee failed to evaluate, review, or take action on the Named Patents submitted by Plaintiff.

36. Defendant, GWW's failure to act constitutes negligence which has caused Plaintiff concrete reputational and professional harm, recognized as actionable under the principles of professional negligence and workplace misconduct.

37. Plaintiff's reputational harm is based, in part, on the fact that Defendant's inaction deprived Plaintiff of the opportunity to have his innovations recognized, published, and protected, significantly diminishing his visibility and standing as a leader in the field of applied machine learning and software development.

38. Plaintiff's recognition as an inventor is critical to Plaintiff's continued repute as an AI expert and a principal architect in computer software development.

39. Plaintiff has standing to petition this Court for damages arising from Defendant's intentional interference with Plaintiff's professional, economic and reputational opportunities.

40. Plaintiff has standing to petition this Court for correction of inventorship because Defendant, GWW schemed and conspired to deprive Plaintiff of being named an inventor on the Named Patients, in direct violation of rules of inventorship.

41. Defendant's intentional actions in blocking and failing to follow up on Plaintiff's patent disclosures constitute a deliberate effort to suppress Plaintiff's contributions, obstruct his career advancement, and diminish his ability to gain recognition as an innovator.

42. Plaintiff submitted numerous patent disclosures to Defendant's patent committee during his employment, detailing other technologies and innovations conceived and developed by Plaintiff and subsequently utilized by Defendant. Despite these submissions, Defendant failed to provide acknowledgment, feedback, or follow-up regarding these disclosures.

43. Defendant's complete lack of response to Plaintiff's patent submissions reflects a systemic failure to recognize and address Plaintiff's contributions, further evidencing Defendant's pattern of intentional exclusion and negligence.

44. Plaintiff has suffered significant economic and reputational harm as a result of Defendant's actions, including lost opportunities for professional growth, diminished visibility in his field, and reduced recognition for his contributions to intellectual property and applied machine learning innovations.

45. Plaintiff's recognition as a contributor and inventor is critical to his continued reputation as a highly skilled software engineer, innovator, and leader in his field.

46. Defendant has financially benefited from Plaintiff's patent work, at the expense of Plaintiff.

47. When Plaintiff attempted to correct the oversights of recognizing Plaintiff's patent contributions, on December 30, 2024, rather than correcting the oversights, Defendant retaliated and terminated Plaintiff.

48. Therefore, Defendant is responsible for Plaintiff's lack of inventorship which Plaintiff seeks to correct through this action.

49. Plaintiff's lack of inventorship is redressable by this Court, which has the ability under 35 U.S.C. section 256 to remedy Plaintiff's harm by adding him as an inventor of the Named patents.

## FIRST CAUSE OF ACTION
*Declaratory Relief Regarding Invalidity of the Named Patents*

50. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

51. An actual and justiciable controversy exists between Plaintiff and Defendant as to the invalidity of the Named Patents.

52. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53. Plaintiff claims that Defendant knew Plaintiff invented the core technology in the Named Patents and purposedly failed to disclose material inventorship information that Plaintiff was the co-inventor.

54. Defendant's intentional actions in blocking and failing to recognize Plaintiff's patent disclosures constitute a deliberate effort to squash Plaintiff's recognition as a co-inventor of the Named Patents.

55. U.S.C. § 102(f) mandates that a patent accurately list the correct inventors of a claimed invention.

56. This failure to disclose Plaintiff as co-inventor was undertaken by Defendant with the intent to deceive the U.S. Patent Office.

57. Under U.S.C. § 102(f), Plaintiff holds that Defendant's conduct sufficiently culpable to hold the Named Patents invalid.

Therefore, in order to fully and finally resolve this controversy between the parties, Plaintiff requests the Court determine and declare pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 101 et seq., that pursuant to U.S.C. § 102(f), that the Named Patents are invalid.

### SECOND CAUSE OF ACTION
*Correction of Inventorship of U.S. Patents Pursuant to 35 U.S.C. §256*

58. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

59. Plaintiff made independent conceptual contributions to the invention claimed in the Named Patents, by conceiving of, solely, and/or with collaboration with others, every aspect of the claimed inventions.

60. The inventorship of the Named Patent are incorrect because Plaintiff is not listed as an inventor on the Named Patents, through Defendant's omission, inadvertence, or error.

61. The omission of Plaintiff as an inventor on the Patents occurred with consent by, and with the objection of, Plaintiff.

62. The inventorship of the Patents is incorrect because Plaintiff is not listed as an inventor of the Named Patents, through Defendant's omission inadvertence, or error.

63. Plaintiff made independent conceptual contribution to the inventions claimed in the Named Patents, by conceiving of, solely, and/or with collaboration with others of the claimed inventions.

9

64. Plaintiff has standing to request a correction of inventorship of the Patents because Plaintiff should have been a listed inventor of all the Named Patents.

65. By failing to name Plaintiff as a joint inventor in the declarations filed in support of the Patents, Defendant violated 35 U.S.C. §§ 115 and 116, which requires the identification of each inventor in the oath or declaration supporting a patent application.

66. Without correction of the named inventor under 35 U.S.C. § 256, Defendant's violation of these federal statutes will continue unabated to the detriment of Plaintiff and public at large.

67. Plaintiff therefore, requests correction of the inventor named in the Named Patents to ensure compliance with the federal requirements for filing patent applications, to preserve Plaintiff's good name and reputation, and to properly identify the inventors fore the benefit of the public.

68. Upon information and belief, all parties concerned with the inventorship of the Named Patents for which correction of inventorship is sought have been put on notice or will be on notice pursuant to filing and service of this Complaint.

## THIRD CAUSE OF ACTION
### *Unjust Enrichment*

69. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

70. Plaintiff conferred a monetary benefit on Defendant by inventing specific technologies that financially benefited Defendant.

71. Defendant knew that Plaintiff conferred a benefit on Defendant.

72. Defendant, failed to protect Plaintiff's inventorship of the Named Patents.

73. Defendant would not be able to carry out a significant function of its business purposes without the use of the Named Patents.

74. Defendant acquired the use of the Named Patents, at the expense of the Plaintiff by not recognizing the Plaintiff as inventor.

75. Defendant enriched itself by saving the costs it reasonably should have expended the Named Patents by not recognizing Plaintiff as a co-inventor.

76. Plaintiff suffered as a direct and proximate result of Defendant's decision to prioritize its own business over the requisite acknowledgement of Plaintiff as the inventor of the Named Patents.

77. Under the principles of equity and good conscience, Defendant should not be permitted to retain the money wrongfully obtained Plaintiffs because Defendant failed to implement appropriate measure to recognize and credit the co-inventor that are mandated by industry standards.

78. Plaintiffs is no adequate remedy at law.

79. As a direct and proximate result of Defendant's conduct, Plaintiff suffers and will suffer reputational injury.

80. As a direct and proximate result of Defendant's conduct, Plaintiff suffers and will continue to suffer other forms of injury and/or harm.

81. Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff that Defendant was unjustly enriched.

WHEREFORE, Plaintiff, hereby demands judgment in his favor and against Defendant, in an amount in excess of $6,000,000, plus the costs of bringing this suit and pre and post judgment interest.

## FOURTH CAUSE OF ACTION
*Retaliation*

82. The Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs.

83. Defendant retaliated against Plaintiff in terminating the employment of the Plaintiff, on January 30, 2024, when the Plaintiff repeatedly informed his management that he was one of the inventors or the Named Patients, and they did nothing to correct this oversight.

84. Following reporting this oversight, Plaintiff was dropped from committees and Plaintiff was omitted from key meetings.

85. As a direct and proximate result of Defendant's unlawful and retaliatory conduct Plaintiff has suffered the loss of his employment with Plaintiff and suffers severe anguish and emotional distress, including but not limited to stress, anxiety, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

86. Defendant's unlawful and retaliatory conduct was outrageous and malicious, was intended to injure Plaintiff, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, hereby demands judgment in his favor and against Defendant, in an amount in excess of $6,000,000, plus the costs of bringing this suit and pre and post judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dr. Bousetouane prays for judgment and relief against Defendant, W.W. Grainger as follows:

(a) A Declaratory Judgment holding the Named Patents invalid since they do not reflect correct co-inventorship under U.S.C. § 102(f);

12

(b) For Judgment that Plaintiff is a joint inventor of the invention claimed in U.S. Patent Nos. US D954,080 S; US D957,414 S; US D957,415 S; US D954,077 S; US D954,078 S; US D954,079 S; and US20220012789A1

(c) Issuance of an order pursuant to 35 U.S.C. § 256, requiring the Director of the United States Patent and Trademark Office to correct inventorship of U.S. Patent Nos. US D954,080 S; US D957,414 S; US D957,415 S; US D954,077 S; US D954,078 S; US D954,079 S; and US20220012789A1 by adding Plaintiff as a co-inventor;

(d) An award of damages in an amount to be determined, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

(e) An award of damages in an amount to be determined, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, stress, anxiety, emotional pain and suffering, and emotional distress;

(f) An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined, plus prejudgment interest;

(g) An award of punitive damages;

(h) Judgment that Plaintiff be awarded their attorney's fees and costs of this suit in bringing this action;

(i) Should the Court determine that the omission of Plaintiff was intentional and with deceptive intent, then an award of punitive damages against Defendants; and

(j) For such additional, other, or further relief as the Court deems just and proper.

Dated: January 9, 2025                  Respectfully submitted,

/s/ *T. J. Jesky*
T. J. Jesky (IL ARDC 6325691)
LAW OFFICES OF T. J. JESKY
205 N. Michigan Avenue, Suite 810
Chicago, IL 60601-5902
tj@jeskylaw.com
Telephone: 312-894-0130, Ext. 3
Fax: 312-489-8216
**Counsel for Plaintiff**