UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOUAD BOUSETOUANE, Ph.D., | ) |
| Plaintiff. | ) |
| v. | ) Case No. 1:25-cv-0230 |
| W.W. GRAINGER, INC., | ) |
| Defendant. | ) Judge Sharon Johnson Coleman |
| JOHN SCHUMACHER and GEOFFREY A. WESTPHAL, | ) |
| Nominal Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dr. Fouad Bousetouane, Ph.D., ("Plaintiff") filed his first amended complaint ("Complaint") seeking declaratory judgment and damages for seven patents against Defendants W.W. Grainger, Inc. ("Defendant Grainger"), John Schumacher ("Defendant Schumacher") and Geoffrey A. Westphal ("Defendant Westphal") (individuals together, "Individual Defendants"). Both Defendant Grainger and Individual Defendants filed separate motions to dismiss the Complaint under Rule 12(b)(1) and 12(b)(6) (together, "the Motions"). For the reasons set forth below, Defendant Grainger's motion to dismiss is granted [15] and Individual Defendants' motion to dismiss is granted [11].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving the Motions. However, where an exhibit attached to the complaint conflicts with its allegations, "the exhibit typically controls." *Centers v. Centennial Mortg., Inc.,* 398 F.3d 930, 933 (7th Cir. 2005) (internal citation omitted). As Plaintiff attaches all of the patents to the First Amended Complaint, the Court will reference the

1

information in the patents to determine which facts should be accepted as true at this stage in the litigation.

Plaintiff worked as a Director of Applied Machine Learning for Defendant. He was "the principal data scientist and project leader in developing Proof of Concept and Core Technology by using AI to invent Visual Search for [Defendant Grainger]." Dkt. 4, at ¶ 16. Plaintiff alleges that he developed core patent US20210027356A1, titled, "System an [sic] Method for Using Camera Image to Provide e-Commerce Related Functionalities," and was credited as the main inventor ("Primary Patent"). Plaintiff alleges the Primary Patent "became the foundational [sic] to the entire suite" of related patents. Dkt 4, at ¶ 19. These related patents include US D954,9080 S, US D957,414 S, US D957,415 S, US D954,077 S, US D954,078 S, US D954,079 S, ("Named Patents") and US20220012789A1 ("US Patent Application Publication"). Plaintiff claims the US Patent Application Publication "was copied and pasted from" the Primary Patent. Dkt. 4, at ¶ 22. The exhibits attached to the First Amended Complaint show that the US Patent Application Publication is an application, not an issued patent. *See* Dkt. 4, at Exhibit 7.

Plaintiff claims that the Primary Patent "directly influenced the design elements and functionalities" of the Named Patents. *Id.* at ¶ 20. Plaintiff claims that he was improperly excluded as the inventor of the Named Patents and that Defendant Westphal, Senior Manager, Intellectual Property at Defendant Grainger, was listed as the inventor of the US Patent Application Publication instead of Plaintiff. Plaintiff alleges that Defendant Schumacher, former Vice President, Group Product Manager, Generative AI, Machine Learning at Defendant Grainger, purposefully excluded Plaintiff as the inventor "of the patent ideas created by [Plaintiff]." Dkt. 4, at ¶ 28. Plaintiff states that Defendant Grainger filed the patents and failed to list Plaintiff as the inventor. Defendant

2

Grainger terminated Plaintiff's employment on December 30, 2024.[1]  Plaintiff, thereafter, filed this lawsuit on January 8, 2025.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits.  *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).  When considering dismissal of a complaint, the Court accepts well pled factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019).  To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing.  *Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020).  Under Rule 12(b)(1), the Court accepts all well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing.  *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**DISCUSSION**

    **I.**    **US Patent Application Publication**

---

[1] The First Amended Complaint also states that Plaintiff was terminated on January 30, 2024.  As the December termination date is the initial pled termination date, the Court will reference the December termination date.  For the sake of clarity, the Court's order is not dependent on the date of Plaintiff's termination.

Before addressing the Motions, the Court will begin with analyzing whether it has jurisdiction over claims based on the US Patent Application Publication as this argument is addressed in both Motions.

Defendant Grainger and Individual Defendants argue that Plaintiff's claims based on the US Patent Application Publication must be denied because the US Patent Application Publication has not been issued, a requirement to pursue Count II, Plaintiff's correction of inventorship claim under 35 U.S.C. § 256 claim. Plaintiff agrees that 35 U.S.C. § 256 does not accrue until the patent is issued, but asserts, for the first time in his response, that 35 U.S.C. § 116 allows the Court to adjudicate the resolution of inventorship disputes while a patent is still pending. Yet the case law Plaintiff cites in support of his position actually undermines his argument.[2]

In *Airport Surface Technologies, LLC v. FieldTurf, Inc.,* the court determined that 35 U.S.C. § 116 did not create jurisdiction to allow district courts to preside over inventorship disputes for pending patent applications. 268 F.Supp.2d 999, 1003 (N.D. Ill. 2003) (Norgle, J.) *Heineken Technical Serv. v. Darby,* 103 F.Supp.2d 476, 479 (D. Mass. 2000), an out of circuit decision, was contradicted by Federal Circuit decisions, which held that 35 U.S.C. § 116 did not provide a private right of action to challenge inventorship of pending patents, as noted by Defendant Grainger. *E.g., HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd.,* 600 F.3d 1347, 1353-54 (Fed. Cir. 2010). *Display Research Lab., Inc., v. Telegen Corp.,* another out of circuit decision, held that 35 U.S.C. § 116 did not confer a district court with jurisdiction to adjudicate claims under the statute; rather, the court concluded that the Commissioner of Patents solely had authority to resolve any disputes. 133 F.Supp.2d 1170, 1173-4

---

[2] The Court addresses all of the caselaw cited by Plaintiff that the Court could find based on the provided citations. Although many of the citations were incomplete, the Court was able to discern the caselaw cited by Plaintiff, with the exception of the following case: "*Kolcraft Enters., Inc. v. Chicco U.S., Inc.,* 09 CV0339, 24 (N.D. Ill. Aug. 29, 2018). Despite the Court's best efforts, it was unable to find any case based on the citation or case name that was decided on August 29, 2018. It is the duty of the parties to provide the correct citation to its supported caselaw. Based on the other cited precent, the Court concludes that this case would not have changed the outcome of its conclusion.

(N.D. Cal. 2001). Lastly, *Photogen, Inc., v. Wolf,* No. 00 C 5841, 2001 WL 477226 (N.D. Ill May 7, 2001) (Moran, J.), is inapplicable as it was decided prior to both *Airport Surface Technologies,* a case from the same district, and *HIF Bio, Inc.,* a case from the Federal Circuit, both which explicitly state that district courts do not have jurisdiction to rule on claims asserted under 35 U.S.C. § 116. Unlike the Named Patents, the US Patent Application Publication contains no term date for the lifetime of the patent, confirming that the US Patent Application Publication is not an issued patent. *See* Dkt. 4, at Exhibit 7.

Accordingly, the Court finds that it does not have jurisdiction over the US Patent Application Publication and therefore dismisses any claims, to the extent the cause of action is based on the US Patent Application Publication, with prejudice.

### I. Defendant Grainger's Motion to Dismiss

Defendant Grainger moves to dismiss Plaintiff's Complaint under Rule 12(b)(1) and Rule 12(b)(6).

#### 1. **Rule 12(b)(1) Motion**

##### a. *Count II: Correction of Inventorship of U.S. Patents Pursuant to 35 U.S.C. § 256*

Defendant Grainger contends that Count II fails for lack of standing under Rule 12(b)(1) as Plaintiff has no ownership, financial, or reputational interests in the Named Patents. Plaintiff contends that he has a reputational interest in the Named Patents, which confers standing. As Plaintiff admits that he has no ownership or financial interest in the Named Patents, the Court's analysis will focus only on whether reputational interest confers standing to support the claim.

The Federal Circuit has held that a "concrete and particularized reputational injury can give rise to Article III standing" as "pecuniary consequences may well flow from being designated as an inventor." *Shukh v. Seagate Tech., LLC,* 803 F.3d 659, 663 (Fed. Cir. 2015). Allegations of reputational injury standing alone, however, is not enough. *Kamden-Ouaffo v. PepsiCo Inc.,* 756 Fed. Appx. 949, 954

(Fed. Cir. 2016). It must be tied to economic consequences, for example, loss of employment opportunities. *Kamden-Ouaffo,* 756 Fed. Appx. At 949; *see also Shukh,* 803 F.3d at 663 (finding reputational injury where plaintiff provided evidence that the reputational harm had economic prospects).

Defendant Grainger alleges that Plaintiff does not have standing because he does not plead any economic consequences to support a reputational injury. By way of example, Defendant Grainger argues that Plaintiff has co-founded an AI company and published three papers in the same field since his termination, all while not being named as inventor on the Named Patents, and, therefore, has suffered no economic consequences. Plaintiff contends that not being named as inventor on the Named Patents "will hurt his business prospects and will cause economic damages to him." He compares his situation to the plaintiff in *Shukh v. Seagate Tech., LLC,* 803 F.3d 659, 663 (Fed. Cir. 2015).

In *Shukh,* the Federal Circuit court found the existence of reputational injury where plaintiff was omitted as inventor of the patent based on plaintiff's inability to find new employment in a field covered by the disputed patents. 803 F.3d at 667. Here, Plaintiff pleads absolutely no facts to show that Plaintiff suffered economic consequences due to his reputational injury, here, the omission of Plaintiff as the inventor of the Named Patents. Rather, Plaintiff only offers potential damages as the basis for his reputational injury. "[An] allegation that one 'sustains and/or might sustain' injury… is not 'concrete and particularized,' but rather 'conjectural or hypothetical.'" *Kamden-Ouaffo,* 657 Fed. Appx. at 954. Plaintiff's hypothetical, futuristic statements do not sufficiently allege economic consequences to support a reputational injury required to confer standing. Therefore, the Court dismisses Count II against Defendant Grainger under Rule 12(b)(1).

2. **Rule 12(b)(6) Motion**

6

As the Court dismisses Count II of Plaintiff's Complaint against Defendant Grainger under Rule 12(b)(1), the Court will address the remaining causes of action at issue in Defendant Grainger's Motion under Rule 12(b)(6).

### a. Count I: Declaratory Judgment

Defendant Grainger contends that Count I must be dismissed because the claim is asserted under "U.S.C. § 102(f)", a non-existent statute. Even if Plaintiff asserted the claim properly, Defendant Grainger argues that a patent cannot be invalidated where the error, regardless of whether it was made intentionally or unintentionally, as to the inventorship can be corrected instead. Plaintiff doubles-down on his claim, arguing that the declaratory judgment claim was properly asserted under "U.S.C. § 102(f)" and that a patent can be rendered invalid where it fails to name the proper inventors.

To start, there is no "U.S.C. § 102(f)" statute. The Court believes Plaintiff was attempting to refer to 35 U.S.C.A. § 102 in his allegations. Still, there is no subsection (f) in this statute. Not only is the cause of action asserted under the wrong statute, and fails on this basis alone, but the relief Plaintiff seeks, to invalidate the Named Patents, is not available. The Federal Circuit has found that "a patent cannot be invalidated if inventorship can be corrected instead." *Engenera, Inc. v. Cisco Sys., Inc.,* 972 F.3d 1367, 1376 (Fed. Cir. 2020).

Plaintiff's caselaw is inapplicable. The caselaw Plaintiff cites in support of his position was decided prior to the effective date of the Leahy-Smith America Invents Act ("AIA"), enacted in 2011, which governs the U.S. patent system and accompanying statutes. *See In re VerHoef,* 888 F.3d 1362, 1363 at n.1 (Fed. Cir. 2018) (applying pre-AIA version of 35 U.S.C.A. § 102 where patent application was filed before new version of statute was enacted); *see also Pannu v. Iolab Corp.,* 155 F.3 1344, 1351 (Fed. Cir. 1998) (decision decided in 1998, prior to the AIA).

Therefore, the Court finds that Plaintiff's Count I fails to state a claim and grants Defendant Grainger's motion to dismiss Count I under Rule 12(b)(6).

### b. *Count III: Unjust Enrichment*

Defendant Grainger argues Plaintiff's unjust enrichment claim fails because the First Amended Complaint fails to plead that Defendant Grainger unjustly retained a benefit to Plaintiff's detriment. Plaintiff argues that Defendant Grainger was unjustly enriched as the company received the benefit of the Named Patents by excluding Plaintiff as co-inventor.

A court may consider documents attached to a motion to dismiss where the documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993). Defendant Grainger attaches the Grant Agreements Plaintiff agreed to in accepting the restricted stock units as part of his employment compensation. The main crux of the First Amended Complaint concerns Plaintiff's employment with Defendant Grainger and whether Defendant Grainger improperly failed to name Plaintiff as the inventor on the Named Patents. Accordingly, the Court finds that the Grant Agreements are central to Plaintiff's claims as the documents concern the terms and conditions Plaintiff agreed to as part of his employment with Defendant Grainger, during which Plaintiff claims he invented the Named Patents.

Under Illinois law, to state a claim for unjust enrichment, a plaintiff must allege that "the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Control Solutions LLC v. Oshkosh Corp.,* No. 10 C 121, 2012 WL 3096678, at *10 (N.D. Ill. 2012) (Coleman, J.) (internal citations omitted).

Here, Plaintiff alleges that he was "a salaried employee" (Dkt. 4, at ¶ 4) of Defendant Grainger and that, in his position, he developed "Proof of Concept and Core Technology by using AI to invent Visual Search for [Defendant Grainger]." Dkt. 4, at ¶ 17. Plaintiff claims that the Named Patents "stem from his initial Proof of Concept and IP." Dkt. 4, at ¶ 20. The Grant Agreements required

8

that Plaintiff "assign[], and agree[] to assign in the future automatically upon creation… to [Defendant Grainger] all of [Plaintiff's] right, title, and interest" in any of the patents he created while working for Defendant Grainger, in exchange for restricted stock units. Clearly, Plaintiff's employment required him to develop the Named Patents for Defendant Grainger, and, per the Grant Agreements, such patents were automatically assigned to Defendant Grainger. Therefore, Plaintiff's allegations fail to adequately show that Defendant Grainger unjustly retained a benefit to Plaintiff's detriment as Plaintiff, per the Grant Agreements, had no right to the Named Patents and Defendant Grainger was the lawful assignee of the Named Patents. In other words, any benefit that Defendant Grainger derived from the Named Patents was pursuant to the Grant Agreements and could not have been to Plaintiff's detriment as Plaintiff did not own the Named Patents. Accordingly, the Court grants Defendant Grainger's motion to dismiss count III under Rule 12(b)(6).

### c. *Count IV: Retaliation*

Defendant Grainger argues that Plaintiff fails to state a claim for retaliation. Specifically, Defendant Grainger contends that Plaintiff provides no statute or law under which he alleges retaliation. In response, Plaintiff merely cites to statements in his First Amended Complaint, alleging that such statements are sufficient to meet the pleading standard.

In support of his retaliation claim, Plaintiff alleges, "[Defendant Grainger] retaliated against Plaintiff in terminating the employment of Plaintiff, on January 30, 2024, when the Plaintiff repeatedly informed his management that he was one of the inventors or [sic] the Named Patients [sic], and they did nothing to correct this oversight." (Dkt. 4, at ¶ 83). "Following reporting his oversight, Plaintiff was dropped from committees and Plaintiff was omitted from key meetings." (Dkt. 4, at ¶ 84). These threadbare allegations provide Defendant Grainger with no notice as to the claim Plaintiff is pursuing. Indeed, Plaintiff does not allege whether he is pursuing a retaliation claim under Title VII, the Americans with Disabilities Act ("ADA"), or the Illinois Human Rights Act ("IHRA"), which would

9

require that Plaintiff exhaust his administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission (or the equivalent to the IHRA) prior to filing his lawsuit, an action Plaintiff has failed to evidence. Nor has Plaintiff shown that he was discharged for engaging in activities protected by public policy, to support a retaliatory discharge claim under common law.

"A plaintiff must provide more than 'abstract recitation of the elements of a cause of action nor conclusory legal statements.'" *McGreal v. AT&T Corp.*, 892 F.Supp.2d 996, 1017 (N.D. Ill. 2012) (Castillo, J.) Here, Plaintiff has failed to provide any facts to make out a claim of retaliation, much less the basis for the claim. Accordingly, the Court grants Defendant Grainger's motion to dismiss Count IV.

## II. Individual Defendants' Motion to Dismiss

Individual Defendants likewise move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and 12(b)(6). As the 12(b)(1) motion is dispositive, the Court will address the 12(b)(1) arguments only.

### 1. **Rule 12(b)(1) Motion**

Individual Defendants argue that dismissal is proper under Rule 12(b)(1) because Individual Defendants hold no interest in the property that is the subject matter of the litigation. Plaintiff contends that Individual Defendants are proper parties because they are nominal defendants that have knowledge about the subject matter of the litigation and have no ownership interests in the Named Patents.

A nominal defendant is a "trustee, agent, or depository" that "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Cherif,* 933 F.2d 403, 414 (7th Cir. 1991). In other words, a nominal defendant has no claim to the disputed property and, therefore, is neutral when it comes to the outcome of the litigation. *Cherif,* 933 F.3d at

414.  Generally, a nominal defendant is joined to a lawsuit to facilitate the collection of property at issue once the dispute is resolved.  *Cherif,* 933 F.2d at 414.

Here, the First Amended Complaint admits that Defendant Grainger is the assignee and owner of the Named Patents.  Dkt. 4, at ¶ 8.  As to Individual Defendants, Plaintiff claims that they are properly joined because they can provide "technical reasons" as to why Plaintiff was excluded as the inventor of the Named Patents.  *Id.,* at ¶¶ 24, 27.  However, the ability to provide information is not a legitimate basis for asserting claims against a nominal defendant.  Here, Individual Defendants are not a "trustee, agent, or depository" that "hold subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute."  *Cherif,* 933 at 414.  As pled, Defendant Westphal is a current employee of Defendant Grainger while Defendant Schumacher is a former employee.  Dkt. 4, at ¶¶ 9, 10.  There are no pled facts that would allow the Court to conclude that Individual Defendants have the authority "to facilitate the collection of property at issue" to a prevailing party.  *Cherif,* 933 at 414.  Indeed, Defendant Schumacher is no longer employed by Defendant Grainger and therefore has no control over the Named Patents.  And Defendant Westphal does not own any of the Named Patents.  Plaintiff alleges no facts to conclude that Individual Defendants have any control over funds that they could facilitate at the resolution of the lawsuit.  The allegations set forth against Individual Defendants merely concern the knowledge they possess related to the asserted claims.  Eliciting such information can best be addressed through discovery.  Accordingly, the Court grants Individual Defendants' 12(b)(1) motion to dismiss, with prejudice.

**CONCLUSION**

For these reasons, the Court grants Individual Defendants' motion to dismiss, with prejudice [11].  The Court also grants Defendant Grainger's motion to dismiss with prejudice as to Count I, to the extent it is asserted under the non-existent statute, "U.S.C. § 102(f)."  The Court also grants Defendant Grainger's motion to dismiss with prejudice as to any of Plaintiff's claims that are premised

11

on the US Patent Application Publication. Subject to the terms of the Court's dismissal with prejudice order, the Court grants Defendant Grainger's motion to dismiss as to Counts I, II, III, and IV, without prejudice [15]. Plaintiff is granted leave to amend his complaint within 21 days if he has a good faith basis for believing he can cure the pleading deficiencies identified in this opinion. If Plaintiff does not file his amended complaint within 21 days from the date of this Order, Plaintiff's case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 7/16/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge