**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FOUAD BOUSETOUANE, Ph.D. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-00230 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| W.W. GRAINGER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dr. Fouad Bousetouane, Ph.D. ("Plaintiff") brought this action against W.W. Grainger, Inc. ("Defendant") for damages, declaratory relief, and "correction of inventorship" related to Defendant's allegedly excluding Plaintiff as a joint inventor on certain patents. Before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint (the "Complaint"), (Dkt. 33), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant's motion is granted.

**BACKGROUND**

The following facts are drawn from the Complaint and accepted as true for the purpose of resolving the instant motion. As part of his Complaint, Plaintiff includes each of the patents as attachments. Where an attached exhibit conflicts with the allegations in a complaint, "the exhibit typically controls." *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (internal citation omitted). Therefore, the Court will reference the information laid out in the patents to determine which facts should be accepted as true at this stage.

Defendant employed Plaintiff as Director of Applied Machine Learning for eight years prior to his departure from the company in December 2024. He is an expert in artificial intelligence ("AI")

1

and computer software development, with experience in the field of software engineering. Plaintiff is credited as a main inventor in patent US 12,229,813 B2, named "System an [sic] Method for Using Camera Image to Provide e-Commerce Related Functionalities" (the "Primary Patent"). The Primary Patent claims a system and method of imaging three-dimensional ("3D") objects, inputting the image data into a search engine, and matching the objects to visually similar products that the user can purchase online. The Primary Patent includes examples of how the system/method could operate on a device, such as a smartphone, by using a camera to extract data for a 3D image of the object.

Plaintiff alleges that the Primary Patent "became the foundation to the entire suite" of related patents US D954,080 S; US D957,414 S; US D957,415 S; US D954,077 S; US D954,078 S; and US D954,079 S (the "Named Patents"). The Named Patents are design patents claiming the "ornamental design for a computer display screen or portion thereof with graphical user interface" as shown and described on each Named Patent. They illustrate similar display screens with boxes juxtaposed on the screen. For example, patent US D957,414 S claims the design below:



Plaintiff claims that Defendant incorporated "[the] core concepts developed by [Plaintiff] … into the Named Patients, without acknowledging that he was the inventor," and that this omission

was wrongful and intentional. Plaintiff now asserts claims for financial damages resulting from Defendant's alleged failure to name him as a joint inventor in the Named Patents.

**LEGAL STANDARD**

Defendant moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under 12(b)(1) challenges a court's subject-matter jurisdiction. The plaintiff bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing to seek relief. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In resolving motions under Rules 12(b)(1) and 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 2 F.4th 1002, 1007 (7th Cir. 2021).

**DISCUSSION**

In its motion, Defendant claims that Plaintiff does not have standing, as he failed to allege any "concrete and particularized" injury from Defendant's alleged failure to name him as a joint inventor in the Named Patents. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Defendant argues in the alternative that even if Plaintiff did sufficiently plead injury, he

did not allege facts sufficient to support his claims for Counts I and III, and his requested relief for Count II is not available.

Plaintiff's Counts I and III concern Defendant's alleged intentional and unjustified exclusion of Plaintiff as a joint inventor of the Named Patents. "[A] joint invention is simply the product of a collaboration between two or more persons working together to solve the problem addressed." *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). A joint inventor must "contribute in some significant manner to the conception or reduction to practice of the invention." *Dana-Farber Cancer Inst., Inc. v. Ono Pharm. Co.*, 964 F.3d 1365, 1371 (Fed. Cir. 2020) (citing *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998)). Therefore, for persons to be considered joint inventors, there must be "some element of joint behavior, such as collaboration or working under common direction …. [J]oint inventorship … requires at least some quantum of collaboration or connection." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004) (internal quotation omitted).

Plaintiff does not allege any facts showing that he engaged in joint behavior or collaboration with the inventors listed on the Named Patents. Plaintiff alleges that he is a joint inventor not because he contributed to the conception or invention of the Named Patents, but because Defendant allegedly incorporated "core concepts developed by [Plaintiff] … into the Named [Patents]." In other words, Plaintiff claims that his contributions to the Primary Patent, not to the Named Patents, entitle him to be listed as a joint inventor because the designs "stem from his initial Proof on Concept and IP." Not only does Plaintiff allege no facts showing how the Primary Patent "directly influenced the design elements and functionalities protected by the Named Patents," his allegations do not show any quantum of collaboration in the invention of the Named Patents. Thus, Plaintiff has not plausibly plead joint inventorship.

As for Count II, Plaintiff asks the Court for a declaration that one or more of the Named Patents are invalid "for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101,

102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, 115, 116, 256, and other applicable statutory provisions." First and foremost, patent invalidity is an affirmative defense to patent infringement, not a freestanding cause of action. *See* 35 U.S.C. § 282(b); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644, 135 S.Ct. 1920, 191 L.Ed.2d 883 (2015). Further, as this Court explained in its previous dismissal Order, invalidation of the Named Patents is not an available remedy. (Dkt. 28) at *7 (stating that "[a] patent cannot be invalidated "if inventorship can be corrected instead") (citing *Engenera, Inc. v. Cisco Sys., Inc.*, 972 F.3d 1367, 1376 (Fed. Cir. 2020)). Therefore, Plaintiff also fails to state a claim for declaratory relief as to invalidity.

The Court finds that Plaintiff has not plausibly alleged any claim. Because this finding is dispositive of Plaintiff's entire Complaint, the Court need not reach the issue of standing.

**CONCLUSION**

For these reasons, Defendant's motion to dismiss [33] is granted. In this case, it is apparent that amendment would be futile. Therefore, Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 5/7/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge